IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| MARIA RUDOLPH | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:15-cv-312 |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | |
| COMPANY AND CATHERINE BROWN | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

Defendant, Nationwide General Insurance Company (hereinafter "Nationwide"), through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the Texas state court action captioned *Maria Rudolph v. Nationwide General Insurance Company and Catherine Brown* in the 341st Judicial District of Webb County, Texas. In support of this Notice of Removal, Nationwide respectfully shows the following:

**I.**
## BACKGROUND

1.     This lawsuit arises out a residential insurance claim for hail damage to Plaintiff Maria Rudolph's (hereinafter "Plaintiff") property in Webb County, Texas.  Because the allegations asserted against the sole non-diverse defendant, Catherine Brown (hereinafter "Brown"), are the result of actual fraud in the pleading of jurisdictional facts, and/or because Plaintiff has misstated and omitted discrete facts regarding the propriety of her joinder, Nationwide removes this action based on diversity of citizenship.

2.     Plaintiff initiated the present action by filing her Original Petition in the 341st Judicial District of Webb County, Texas on September 22, 2015 (the "State Court Action").[1]

---

[1] *See* Plaintiff's Original Petition, attached as **Exhibit A.**

Nationwide filed its Original Answer on December 23, 2015, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition.[2]

3.      Nationwide issued a Texas Dwelling Policy to Maria Rudolph; Policy No. 78 42 HO 720103 (the "Policy"), which generally covers, among other things, a dwelling located at 4213 Merida Drive, Laredo, Texas, 78046, Webb County, Texas.[3]  Plaintiff resides in Webb County, Texas.[4]

4.      Defendant Catherine Brown, the sole non-diverse defendant, is a resident of Kenedy, Texas.[5]  However, Brown is improperly joined and her citizenship may be disregarded for the purpose of establishing the citizenship of the properly joined parties.

5.      Consent to removal is not required from improperly or fraudulently joined parties. *See Jernigan v. Ashland Oil Inc*., 989 F.2d 812, 815 (5th Cir. 2003).

6.      Nationwide does not admit the underlying facts as alleged by Plaintiff, and expressly denies any liability.  This Notice of Removal is filed within 30 days of service of Plaintiff's Original Petition on Nationwide, and is therefore timely under 28 USC § 1446.

7.      Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Nationwide will give written notice of the removal to Plaintiff through her attorney of record, and to the clerk of the 341st Judicial District of Webb County, Texas.

---

[2] *See* Defendant's Original Answer, attached as **Exhibit B.**

[3] *See* **Exhibit A,** Plaintiff's Original Petition at ¶ 10.

[4] *See Id.* at ¶ 2.

[5] *See Id.* at ¶ 4.

8.      Pursuant to 28 USC § 1446(a), and local Rule 81, all process, pleadings, and orders in the State Court Action not otherwise specifically identified as separate exhibits have been requested and will be filed upon receipt.

## II.
## JURISDICTION

9.      This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

### A.      Diversity of Parties and Improper Joinder

10.     Plaintiff resides in Webb County, Texas.[6]   Pursuant to 28 U.S.C. § 1332(a), therefore, Plaintiff is a citizen of the State of Texas.

11.     Defendant Nationwide is organized under the laws of Ohio and maintains its principal place of business in Franklin County, Ohio.  Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.  Complete diversity exists with respect to Plaintiff and Nationwide.

12.     Defendant Catherine Brown is a resident of Karnes County, Texas;[7] however, Brown's citizenship should be disregarded as she has been improperly joined to this action.

13.     Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the

---

[6] *See* **Exhibit A**, Plaintiff's Original Petition at ¶ 2.

[7] *See Id.* at ¶ 5.

non-diverse party in state court.[8]   Under the second prong of such analysis, if the plaintiff has

stated a claim but has "misstated or omitted discrete facts that would determine the propriety of

joinder, the district court may, in its discretion, pierce the pleadings and conduct a summary

inquiry."[9]   During this latter inquiry, the court may consider "summary judgment-type evidence

in the record, but must also take into account all unchallenged factual allegations, including those

alleged in the complaint, in the light most favorable to the plaintiff."[10]

14.     Plaintiff has pled that Brown:

- failed to perform a thorough investigation;

- conducted a substandard inspection of Plaintiff's property;

- misapplied and misrepresented the correct deductible;

- that Brown's estimate did not allow adequate funds to cover the cost of repairs for any of the damages sustained;

- that Brown misrepresented to Plaintiff that Defendant Brown's estimate included all of Plaintiff's properly covered hail storm damages; and

- that Brown failed to provide any coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiffs damages.[11]

15.     However, Brown had no such involvement in the claim upon which Plaintiff's

suit is based.   In reality, Brown's involvement in Plaintiff's claim was as follows:

- Brown was assigned to the claim on July 27, 2015, after Nationwide received a letter of representation from Arguello Hope & Associates, PLLC advising that Plaintiff had retained counsel and requesting information on the claim;

---

[8] *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc).

[9] *Solis v. Wal-Mart Stores E., L.P.,* 617 F. Supp. 2d 476, 478-79 (S.D. Tex. 2008) (internal citations omitted).

[10] *Id.*

[11] *See* **Exhibit A**, Plaintiff's Original Petition at ¶¶ 15-17.

- Brown never had any direct communications with Plaintiff. Brown's only communication was with Plaintiff's representative Arguello Hope & Associates, PLLC;

- After sending the information requested by Arguello Hope & Associates, PLLC, Brown monitored Plaintiff's claim for approximately two months without any further communications. Brown had no further involvement in Plaintiff's claim;

- Brown was not assigned by Nationwide to "adjust" Plaintiff's claim;

- Brown did not inspect Plaintiff's property;

- Brown did not complete a report on any inspection of Plaintiff's property, nor any estimate;

- Brown did not apply any deductible to Plaintiff's claim; and

- Brown had no involvement in any alleged denial or alleged underpayment of the claim.[12]

### i. Actual Fraud

16.    Improper joinder can be established by showing actual fraud in the pleading of jurisdictional facts.[13] The determination of whether there was actual fraud in the pleading of jurisdictional facts is not limited to an inquiry of whether citizenship was correctly alleged; "when the allegations of the complaint are made in a fraudulent attempt to evade removal, the case is removable and should not be remanded to state court."[14]

---

[12] *See* Declaration of Catherine Brown, **Exhibit C**, at ¶3.

[13] *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir.2004) (en banc).

[14]   *Yawn v. S. Ry. Co.*, 591 F.2d 312, 316 (5th Cir.), cert. denied, 442 U.S. 934, 99 S.Ct. 2869, 61 L.Ed.2d 304 (1979); *see also, e.g., Boyle v. Chicago, R.I. & P. Ry.*, 42 F.2d 633, 634 (8th Cir. 1930) (in considering removal under federal statute, question is governed by the allegations in the applicable pleading "unless such allegations … are falsely and fraudulently made for the purpose of defeating removal.").

17.     The alleged facts upon which Plaintiff has named Brown as a defendant in this case constitute actual fraud in the pleading of jurisdictional facts.  Plaintiff's causes of action against Brown are based upon false statements of the fact concerning Brown's involvement in Plaintiff's claim.  Brown is the only non-diverse defendant, and her inclusion in this case does not expand Plaintiff's potential amount or avenues to recovery.  Plaintiff has fraudulently pled the facts regarding Brown's involvement in this claim in an effort to defeat diversity jurisdiction. This practice constitutes actual fraud, and the citizenship of Brown should be disregarded for the purpose of establishing the citizenship of the properly joined parties.

### ii.  Plaintiff has Misstated and Omitted Facts Regarding Brown, and Cannot Establish a Cause of Action Against Brown

18.     A non-diverse defendant is improperly joined if there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against the non-diverse defendant.  The Court "may conduct a Rule 12(b)(6)-type analysis," however, the scope of the inquiry for improper joinder is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim."[15]

19.     Brown has provided a declaration outlining the full scope of her involvement in Plaintiff's claim, which is attached as Exhibit C.  None of the facts pled by Plaintiff concerning Brown's involvement in Plaintiff's claim are true.  Plaintiff has misstated the facts of Brown's involvement in Plaintiff's claim to defeat diversity.  Furthermore, the facts of Brown's actual involvement in Plaintiff's claim will not support liability under any theory of Texas law.

20.     Plaintiff has no basis in fact for the claims asserted against Brown.  There is no reasonable basis for the Court to predict that the Plaintiff might be able to recover against

---

[15] *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)

Brown, and as such, Brown's citizenship may be disregarded for the purpose of establishing the citizenship of the properly joined parties.

####    B.    Amount in Controversy

21.    Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $200,000.00  but not more than $1,000,000.00."[16]  Plaintiff further seeks compensation for actual damages, treble damages, interest attorney's fees.[17]  Plaintiff has alleged that Nationwide's conduct was wrongful and done knowingly, entitling her to a trebling of actual damages under Texas Insurance Code Chapter 541.[18]  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[19]   The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition

### III.
### CONCLUSION

22.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and this matter is therefore removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties, the amount in controversy exceeds $75,000 exclusive of interest and costs, and as all requirements for removal under 28 U.S.C. § 1446 have been meet.

WHEREFORE, Defendant Nationwide General Insurance Company hereby provides notice that this action is duly removed.

*(Signature on following page)*

---

[16] *See* Plaintiff's Original Petition, **Exhibit A**, ¶ 5.

[17] *See Id.* at Prayer.

[18] *See Id.* at ¶ 27; Tex. Ins. Code sections 541.002 & 541.152.

[19] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

Respectfully submitted,

/s/ Patrick M. Kemp
Patrick M. Kemp
Texas Bar No. 24043751
Southern District Bar No. 38513
Segal McCambridge Singer and Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
Telephone:  (512) 476-7834
Facsimile:   (512) 476-7832
pkemp@smsm.com

**ATTORNEY-IN-CHARGE FOR DEFENDANT
NATIONWIDE GENERAL INSURANCE
COMPANY**

OF COUNSEL:

Robert G. Wall
Texas Bar No. 24072411
Southern District Bar No. 1117137
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
Phone: (512) 476-7834
Fax: (512) 476-7832

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following counsel of record via certified mail, return receipt requested on this 31st day of December, 2015:

Brandon Morris                                    *7196 9008 9111 1861 4990*
Arguello, Hope & Associates, PLLC
1110 Nasa Parkway, Suite 620
Houston, Texas 77058
brandon@simplyjustice.com

/s/ Patrick M. Kemp
Patrick M. Kemp

8