Exhibit A



**CORPORATION SERVICE COMPANY**

null / ALL
**Transmittal Number: 14525243**
**Date Processed: 12/01/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Service Process Team 3-11-309<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |
| **Copy of transmittal only provided to:** | Cassandra Struble<br>Rebecca Lewis<br>Kevin Jones |

| | |
|---|---|
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Maria Rudolph vs. Nationwide General Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Webb County District Court, Texas |
| **Case/Reference No:** | 2015CVF003082D |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/01/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Brandon Morris<br>281-532-5529 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

DELIVERED THIS___ DAY OF___
BY___
PROFESSIONAL CIVIL PROCESS

"SERVE"
2015CVF003082 D3

## CITATION

THE STATE OF TEXAS
COUNTY OF WEBB

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO: NATIONWIDE GENERAL INSURANCE COMPANY
    BY SERVING ITS REGISTERED AGENT:
    CORPORATION SERVICE COMPANY
    211 EAST 7TH STREET, SUITE 620
    AUSTIN,   TX 78701-3218

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 341ST DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVF003082 D3 , styled:
    MARIA RUDOLPH, PLAINTIFF
    VS.
    NATIONWIDE GENERAL INSURANCE COMPANY AND CATHERINE BROWN, DEFENDANTS
Said Plaintiff's Petition was filed on 09/22/2015 in said court by:
    BRANDON MORRIS, ATTORNEY FOR PLAINTIFF
    1110 NASA PARKWAY SUITE 620
    HOUSTON,   TX 77058

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, Issued and given under my hand and seal of said court at office, this 23 day of September, 2015.

## C L E R K   O F   C O U R T

CALENDAR CALL SET FOR
11/30/2015 AT 1:30P.M.

ESTHER DEGOLLADO
WEBB COUNTY DISTRICT CLERK
P.O. BOX 667
LAREDO, TX 78042

BY: _Herlinda Torres_ DEPUTY
    HERLINDA TORRES

2015CVF003082 D3

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2015 at

_____ O'CLOCK _____.M. Executed at _____,

within the COUNTY of _____ at _____ O'CLOCK _____.M. on

the _____ day of _____, 2015, by delivering to the within named **NATIONWIDE GENERAL INSURANCE COMPANY,** each, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total Fee for serving this citation    $ _____.

To certify which, witness my hand officially.

_____

SHERIFF, CONSTABLE

_____ COUNTY, TEXAS

BY _____
                                      DEPUTY

**THE STATE OF TEXAS }**
**COUNTY OF WEBB     }**

Before me, the undersigned authority, on this day personally appeared _____, who after being duly sworn, upon oath said that a notice, of which the above is a true copy, was by him/her delivered to _____ on the _____ day of _____, _____.

SWORN TO AND SUBSCRIBED BEFORE ME on the _____ day of _____, _____, to certify which witness my hand and seal of office.

_____
                              NOTARY PUBLIC
MY COMMISSION EXPIRES _____

File
9/22/2015 9:05:35 Al
Esther Degollad
District Cler
Webb Distri
Linda Torre
2015CVF003082D

CAUSE NO. _____

| | | |
|---|---|---|
| MARIA RUDOLPH | § | IN THE DISTRICT COURT OF |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | |
| | § | WEBB COUNTY, TEXAS, |
| NATIONWIDE GENERAL | § | |
| INSURANCE COMPANY AND | § | |
| CATHERINE BROWN, | § | |
| | § | |
| **Defendant.** | § | _____ TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Maria Rudolph, ("Plaintiff"), and files this *Plaintiff's Original Petition,* complaining of Nationwide General Insurance Company ("Nationwide"), and Catherine Brown ("Brown"), collectively referred to as "Defendants," and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2. Plaintiff Maria Rudolph is an individual residing in Webb County, Texas.

3. Defendant Nationwide is a foreign insurance company engaged in the business of insurance in Texas, with its principal office located in Columbus, Ohio. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant. Nationwide

may be served via its registered agent for service, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4. Defendant Catherine Brown is a resident of Kenedy, Texas and is engaged in the business of adjusting insurance claims in the State of Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant Brown. Defendant Brown may be served at 1569 CR 140, Kenedy, Texas, 78119.

## JURISDICTION

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

6. The Court has jurisdiction over Defendant Nationwide because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

7. The Court has jurisdiction over Defendant Brown because this defendant is a citizen of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.   Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Nationwide.

10.  Plaintiff owns the insured property, which is specifically located at 4213 Merida Drive, Laredo, Texas, 78046 in Webb County (hereinafter referred to as "the Property").

11.  Nationwide sold the Policy insuring the Property to Plaintiff.

12.  On or about May 09, 2014, a hail storm and/or wind storm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm").  Specifically, Plaintiff's roof and roofing components, including but not limited to the composition shingles and roofing felt, ridge cap, valley metal, flashing, roof vent, furnace vent, and drip edge, sustained extensive damage during the storm. Plaintiff's home sustained interior damage to the living/dining room and the bathroom, including but not limited to damage to the insulation, drywall, and acoustic ceiling. Plaintiff's home also sustained exterior damage during the storm, including but not limited to damage to trim board, fascia, soffit vents, soffit, porch ceiling, wood siding, window screens, exterior door, wood fence and chain link fence.  Plaintiff filed a claim, in accordance with the terms of the Policy, with her insurance company, Nationwide, for the damages to her home caused by the Storm.

13.  Plaintiff submitted a claim to Nationwide against the Policy as referenced in paragraph 9 above, for Roof Damage, Interior Damage, and Exterior Damage the Property sustained as a result of the hail storm and/or windstorm.

14.   Plaintiff asked that Nationwide cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the exterior damage, interior damage, wood fencing, and chain-link fencing to the Property, pursuant to the Policy.

15.   Defendant Nationwide assigned Defendant Catherine Brown ("Brown") to adjust the claim.  Mrs. Brown was improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim.  Specifically, Brown conducted a substandard inspection of Plaintiff's property.  The inadequacy of Brown's inspection is evidenced by her report, which failed to include the majority of Plaintiff's damages.  Furthermore, Defendant Brown misapplied and misrepresented the correct deductible to the damages she included in her report. Ultimately, Brown's estimate did not allow adequate funds to cover the cost of repairs for any of the damages sustained.  Brown's inadequate investigation was relied upon by Nationwide in this action and resulted in Plaintiff's claim being improperly denied.

16.   Defendant Nationwide failed to adequately train and supervise Brown resulting in the unreasonable investigation and improper handling of Plaintiff's claim.  Moreover, Nationwide failed to thoroughly review and properly oversee the work of Brown, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff's claims were improperly denied causing her to suffer damages.

17.   Together, Defendants Nationwide and Brown set about to deny and/or underpay on properly covered damages.  Nationwide and Brown misrepresented to Plaintiff that Defendant Brown's estimate included all of Plaintiff's properly covered hail storm

Page 4

and/or windstorm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and  failed to allow allowed for any amounts to cover the cost of repairs to Plaintiff's Property.  Defendants Nationwide and Brown failed to provide any coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying payment on Plaintiff's claim.  As a result of these Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has received no payment and suffered damages.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair her Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive any payments she is entitled to under the Policy.

18.  As detailed in the paragraphs below, Nationwide wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Nationwide undervalued some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

19.  To date, Nationwide continues to delay in the payment for the damages to the property.  As such, Plaintiff has not been paid in full for the damages to her home.

20.  Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay any proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to

cover the damaged property. Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiff.

21.    Defendants Nationwide and Brown misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Nationwide's and Brown's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

22.    Nationwide and Brown failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

23.    Nationwide and Brown failed to explain to Plaintiff the reasons for their denial of Plaintiff's claim. Specifically, Nationwide and Brown failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Nationwide and Brown did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. The Conduct of Nationwide and Brown, is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

24.    Defendants Nationwide and Brown failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Nationwide or

Brown. The conduct of Nationwide constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

25. Defendants Nationwide and Brown refused to fully compensate Plaintiff, under the terms of the Policy, even though Nationwide and Brown failed to conduct a reasonable investigation. Specifically, Nationwide and Brown performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property. The conduct of Nationwide and Brown constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

26. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27. Defendant Nationwide failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28. Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment

for her claim. Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29. From and after the time Plaintiff's claim was presented to Defendant Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30. Defendants Nationwide and Brown knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

31. As a result of Defendants Nationwide's and Brown's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST DEFENDANT BROWN
### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

32. During her investigation, Defendant Brown failed to properly assess Plaintiff's hail storm and/or windstorm damages. Specifically, during her inspection, Brown spent an inadequate time scoping for damages. Further, Brown omitted covered damages from her report, including damage to personal property, exterior damage to the trim board, soffits, soffit vents, fascia, porch ceiling, wood siding, window screens, exterior door, wood fence and chain link fence. In addition, the damages that Brown did include in her estimate were

both underestimated and undervalued. Specifically, she failed to allow sufficient funds to cover the replacement of the roof, underpriced the cost of materials required for necessary repairs, incorrectly applied material sales tax, failed to include adequate overhead and profit, and improperly calculated the actual cash value of Plaintiff's loss under the Policy.

33. Defendant Nationwide knew or should have known that Defendant Brown lacked the knowledge and experience to adequately investigate claims of this nature.

34. Defendant Brown's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

35. Defendant Brown is individually liable for her unfair and deceptive acts, irrespective of the fact that she was acting on behalf of Nationwide because Defendant Brown is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

36. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendant's misrepresentations by means of deceptive conduct include, but are not limited

Page 9

to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Brown's unfair settlement practices, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.   Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.   Defendant Brown failed to explain to Plaintiff the reasons for her offer of an inadequate settlement. Specifically, Defendant Brown failed to offer Plaintiff adequate compensation without proper explanation as to why full payment was not being made. Furthermore, Defendant Brown did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did she provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Defendant Brown as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.   Defendant Brown did not adequately explain what damages were not being covered under the estimate.  Defendant Brown's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.   Defendant Brown did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's exterior and interior damages, although reported by Plaintiff to Nationwide.  Defendant Brown, apart from her undervalued allotment for the roof, omitted many of the covered damages—including, but not limited to, damage to the soffits, fascia, window screens, exterior door, wood fence and chain link fence.  Defendant Brown's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST NATIONWIDE

41.   Defendant Nationwide is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

42.   Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiff.

43.   Defendant Nationwide's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

44.   Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

45.   Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

46.   Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

47.   Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

48.     Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

49.     Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

50.     Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

51.     Defendant Nationwide's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

52.     Defendant Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

53.     Defendant Nationwide's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount

of time provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

54. As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendant Brown is an agent of Nationwide based on her acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

55. Separately, and/or in the alternative, as referenced and described above, Nationwide ratified the actions and conduct of Defendant Brown including the completion of her duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

56. Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

57. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987). This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholder) and Nationwide's (the insurer) unequal bargaining power. Part of this unequal bargaining power results from the fact that Nationwide, like other insurers, controls entirely the evaluation, processing and denial of claims.

58. At the time of Defendant Brown's inspection and/or investigation, upon which Nationwide relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Brown tried to wrongfully deny Plaintiff's losses. By not accounting for the covered damages,

Defendants Brown and Nationwide did not inspect and evaluate Plaintiff's home as if it were their own home. Nationwide's investigation and evaluation was not reasonable, thus, Nationwide lacked a reasonable basis for denying or only partially including payment for Plaintiff's covered damages. Nationwide's overall conduct in handling Plaintiff's claim was not reasonable.

59. Defendant Nationwide's failed, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Nationwide knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

60. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

## DAMAGES

61. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

62. As previously mentioned, the damages caused by the May 09, 2014 hail storm and/or wind storm have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendant Nationwide's mishandling of Plaintiff's claim in violation of the laws set forth above.

63. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorney's fees.

64. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

65. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

66. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

67. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

### REQUEST FOR DISCLOSURE

68. Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants Nationwide and Brown each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

By: */s/ Brandon Morris*
        Brandon Morris
        State Bar of Texas Number: 24092860
        1110 Nasa Parkway, Suite 620
        Houston, Texas 77058
        Telephone: (281) 532-5529
        Facsimile: (281)402-3534
        ***ATTORNEY FOR PLAINTIFF***
        ***MARIA RUDOLPH***



### HONORABLE BECKIE PALOMO
### State District Court Judge
341st JUDICIAL DISTRICT OF TEXAS
WEBB COUNTY JUSTICE CENTER
1110 Victoria Street, Suite 302
Laredo, Texas 78040-4439

## CIVIL CASE – CALENDAR CALL SETTINGS

RE: CAUSE NO:   2015CVF003082 D3

STYLE:   MARIA RUDOLPH

VS

NATIONWIDE GENERAL INSURANCE COMPANY ET.AL.

**NOTICE** that this case IS **SET FOR CALENDAR CALL** on    11/30/2015    ,
at 1:30 PM at the 341st District Courtroom, 3rd Floor, Webb County Justice Center.

Calendar Call hearings will be in open Court and on the record before **JUDGE BECKIE PALOMO**.
Your presence is **MANDATORY** unless Counsel for Plaintiff(s) file a Joint Pre-Trial Guideline Order
(PTGO) with all counsels signatures on the PTGO.

You may download the PTGO at our website:
**http://www.webbcountytx.gov/DC341st/Links/civ_Jury%20PTGO.pdf**

Counsel for Plaintiff(s): if you do not appear for calendar call, your case may be dismissed for lack of
prosecution.

Counsel for Defendant(s): if you do not appear for calendar call, a pre-trial guideline order may be
entered with or without your approval and/or signature.

Call the court for jury selection dates and pre-trial hearing dates. Keep in mind jury selection must be set
within the timeframes recommended by the Texas Supreme Court.

If there are any questions regarding this matter please feel free to call the court at the number below.

Magdalena Martinez
Civil Court Coordinator
(956)523-4328

DC: