UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **MARIA RUDOLPH,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:15-CV-312 |
| | § | |
| **NATIONWIDE GENERAL** | § | (Assigned to the Hon. Marina |
| **INSURANCE COMPANY, et al.,** | § | Garcia Marmolejo) |
| | § | |
| *Defendants.* | § | |

## PLAINTIFF'S MOTION TO REMAND

**TO THE HONORABLE JUDGE MARINA GARCIA MARMOLEJO**:

COMES NOW, Maria Rudolph ("Plaintiff" or "Ms. Rudolph"), by and through the undersigned counsel, and file this *Plaintiff's Motion to Remand*, pursuant to 28 U.S.C. §1447(c).

This motion is based upon the following: This honorable Court does not have subject-matter jurisdiction over this lawsuit because Defendant Nationwide General Insurance Company ("Insurance Company" or "Defendant") has not carried its burden of overcoming the strong presumption against removal in that Defendant has not shown that the defendant Adjuster is a citizen of a different state than Ms. Rudolph. Furthermore, the Insurance Company has failed to prove that the adjuster was improperly or fraudulently joined in Ms. Rudolph's complaint.

This motion is more fully supported by the following Memorandum of Points and Authorities, as set forth below:

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I.      SUMMARY OF CASE & BACKGROUND

1.      The causes of action making the basis of this lawsuit arise out of an insurance claim made by Ms. Rudolph for damages to her real property located at 4213 Merida Drive, Laredo, Webb County, Texas (the "Property").

2.      Ms. Rudolph made a claim against her Homeowner's Insurance Policy, issued by the Insurance Company, seeking coverage for damages to the Property arising from a wind and/or hail storm, which struck Webb County on or about May 09, 2014.

3.      The Insurance Company assigned Brown as the individual adjuster ("Adjuster") on the claim.

4.      Brown is an individual resident and citizen of the State of Texas.

5.      The Adjuster conducted a substandard inspection which is evidenced in her report which failed to sufficiently provide for Ms. Rudolph's damages. Def's. Not. of Rem. Ex. A, 4: ¶ 15.

6.      The report prepared by the Adjuster did not allow for payment of sufficient funds to cover repairs to all the damages sustained. *Id*. *See* also Pl.'s Ex 1

7.      As a result of the Adjuster's unreasonable and inadequate investigation, Ms. Rudolph has not been able to make necessary repairs to restore her home. Def's. Not. of Rem. Ex. A, 4, ¶¶ 16-17.

8.      Further, the delay in making repairs caused by the unreasonable investigation and underpayment of the claim has caused Ms. Rudolph additional damages. Def's. Not. of Rem. Ex. A: 4-5, ¶ 17. To this date, Ms. Rudolph has yet to receive full payment under the insurance policy. *Id.* at 5.

9.      Further, the Adjuster omitted covered damages from her report, even though Ms. Rudolph's damages were caused by a "covered occurrence" under the Policy. Def's. Not. of Rem. Ex. A, 5, 7, ¶¶ 21, 32.

10.     The Insurance Company and the Adjuster, as the Insurance Company's agent, performed an outcome-oriented investigation of Ms. Rudolph's claim, which resulted in a biased, unfair, and inequitable evaluation of her losses on her home. Def's. Not. of Rem. Ex. A, 7, ¶ 25.

11.     The Insurance Company's and the Adjuster's conduct constitutes breach of contract, various violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Def's. Not. of Rem. Ex. A, 8-14, ¶¶ 32-59.

12.     As a result, Ms. Rudolph filed suit against the Insurance Company and the Adjuster on September 22, 2015.

13.     The Insurance Company and the Adjuster removed this case to this Honorable Court on December 31, 2015 on diversity grounds. Def's. Not. of Rem. 3-7, §§ II.A.-B. Defendant Nationwide General Insurance Company argues that the Adjuster was improperly and/or fraudulently joined as a party defendant to this lawsuit, and therefore her citizenship does not defeat federal court jurisdiction. Def's. Not. of Rem. 3, 6 § II.A ¶¶ 12, 17).

14.     The Adjuster has provided the Texas Department of Insurance with her mailing address. *See* Pl's. Ex. 2. Upon further investigation, a search on Lexis Advance shows the same mailing address linked with a current physical address located in Texas. *See* Pl's. Ex. 3.

15.     Defendant has not contested or denied Ms. Rudolph's assertion that the Adjuster lives in Texas and engages in the business of adjusting insurance claims in Texas. Further, Defendant has not provided any evidence regarding the Adjuster's citizenship in a State other than Texas.

16. Removal is improper because complete diversity does not exist in this case and, therefore, this honorable Court lacks subject matter jurisdiction. For the reasons set forth below, Ms. Rudolph requests that this case be remanded back to state court.

## II.   ISSUE PRESENTED

17. Whether the Court lacks subject matter jurisdiction over this lawsuit. In deciding this issue, the Court should consider whether the Adjuster, who resides in and is a citizen of Texas, was a properly joined party to this lawsuit.

## III.   ARGUMENTS & AUTHORITIES

18. This honorable Court lacks subject matter jurisdiction over this case because the Adjuster is a citizen of the State of Texas and adjusts insurance claims in Texas and because valid causes of action exist against her.

### A. THIS HONORABLE COURT LACKS JURISDICTION BECAUSE THERE IS NOT COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN THE PARTIES

19. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . [c]itizens of different States." 28 U.S.C. § 1332(a)(1).

20. Ms. Rudolph do not contest that the amount in controversy exceeds the sum of $75,000.00. Nevertheless, this honorable Court lacks jurisdiction because the Adjuster and Plaintiff are citizens of the State of Texas.

21. Defendant has not contested that the Adjuster is a resident and citizen of the State of Texas. Further, Defendant has not provided any sort of evidence that could support the position that the Adjuster is a citizen of a State other than Texas.

22. Therefore, the Insurance Company has failed to meet all the requirements necessary for diversity jurisdiction in accordance with 28 U.S.C. § 1332(a)(1).

### B. STANDARDS GOVERNING REMOVAL

23. The Insurance Company removed this case based on their contention of diversity jurisdiction. *See generally* Def's. Not. of Rem. Diversity jurisdiction may be exercised only where both of two criteria are met: (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) there is complete diversity of citizenship. 28 U.S. Code § 1332. Unless both elements are present, this honorable Court simply does not have jurisdiction.

24. The long-established rule is that the removing party "must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

25. When the plaintiff challenges removal based upon diversity jurisdiction, the defendant bears the burden of demonstrating that the removal is permissible. *See*, e.g., *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001). This burden extends to both the requirement of diversity of citizenship and the requirement that the amount in controversy exceeds $75,000. *See Williams v. Litton Loan Servicing*, C.A. No. 10-11866-MLW, 2011 U.S. Dist. LEXIS 90689, at *12 (D. Mass. Aug. 15, 2011); *See* also *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Finally, there is a "strong presumption" against removal, meaning that the removing defendant bears the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

26. In *Bank One, Texas, N.A. v. Montle*, the court concluded that "the [evidence] presented to the district court provided an insufficient basis for the court to have found that [the defendant who removed the case to federal court] carried its burden of proving the existence of diversity jurisdiction." *Bank One, Texas, N.A. v. Montle*, 964 F.2d at 53. Therein, defendant produced a letter from the plaintiff and an affidavit from a postal worker to try to meet its burden of proof. *Id.* at 52-3.

27.    Here, the Insurance Company and the Adjuster have not made any allegations or presented any evidence to prove that the Adjuster is not a citizen of the State of Texas and that, therefore, diversity jurisdiction does not exist.  In fact, on December 31, 2015, counsel for Insurance Company stipulated that Adjuster is a resident and citizen of the State of Texas. See Def.'s Not. Of Rem. Ex. A, 3 § II A ¶ 12. Thus, this honorable Court should find that it does not have original jurisdiction in this case, and remand the instant case back to Judicial District Court of Webb County.

### C. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT BECAUSE DEFENDANT HAS FAILED TO PROVE THAT THE ADJUSTER WAS IMPROPERLY OR FRAUDULENTLY JOINED

28.    The Adjuster has been properly joined because Ms. Rudolph has valid causes of action against her under the Texas Insurance Code. Defendant Brown ("Adjuster") was the adjuster on Ms. Rudolph's claim, and this was pled in *Plaintiff's Original Petition. See generally* Def's. Not. of Rem. Ex. A.

### i.    Valid Causes of Action are Alleged Against the Adjuster.

29.    The Texas Supreme Court, the Fifth Circuit, and the U.S. District Court for the Southern District of Texas have recognized that adjusters can be held liable under the Texas Insurance Code.[1]

---

[1] Cornman vs. State Farm Lloyds, 2001 U.S. Dist. LEXIS 24472, at *12 (S.D. Tex. Nov. 19, 2001) (adjuster can be held liable because she services insurance policies after claims arise and because knowingly violated the Insurance Code by not fully, independently or promptly undertaking her adjusting functions, and by knowingly relying on an engineer who is biased in favor of the insurance company); See also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484 (Tex. 1998) (the Texas Supreme Court permitted a cause of action against an insurance agent accused of unfair insurance practices because the agent was an employee "engaged in the business of insurance."); Gasch v. Hartford, 491 F.3d 278, 282 (5th Cir. 2007) (a claims adjuster responsible for the servicing of insurance policies engages in the business of insurance).

30. Chapter 541, Subchapter A of the Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance. TEX. INS. CODE ANN. § 541.003 (2005). The term "person" is defined as "any *individual*, corporation, association, partnership . . . and any other legal entity engaged in the business of insurance, including agents, brokers, *adjusters* and life insurance counselors." TEX. INS. CODE ANN. §541.002 (2005) (emphasis added).

31. Thus, §541.002 specifically provides that the definition of "person" includes claims adjusters such as Defendant Brown, and Chapter 541, Subchapter A, provides a private cause of action against any person that engages in unfair or deceptive acts as provided in section 3 of the Subchapter. TEX. INS. CODE ANN. §541.003 (2005).

32. In *Garrison Contractors*, the Texas Supreme Court specifically held that, under Texas law, the term "person" as defined in Chapter 541, Subchapter A of the Texas Insurance Code (formerly Article 21.21), is not limited to insurers. *Liberty Mut. Ins. Co. v. Garrison Contr.*, 966 S.W.2d 482, 486-87 (Tex. 1998). The term "person," for the purpose of placing liability, includes individuals and company employees who are engaged in the business of insurance. *Id.* Thus, the wrongful conduct of an insurance adjuster can give rise to that individual's personal liability, despite the adjuster's "subordinate" relationship with the insurance carrier.

33. The Fifth Circuit, relying on *Garrison*, held that an adjuster can be held liable under the Insurance Code under Texas law. *Gasch v. Hartford*, 491 F.3d 278 (5th Cir. 2007).

34. The fact that *Garrison* and *Gasch* were decided under Article 21.21 makes no difference. Chapter 541 of the Insurance Code was simply a recodification of Article 21.21.[2] Further, the

---

[2] Acts 2003, 78th Leg. R.S., Ch. 1274, H.B. 2922.

Texas Legislature expressly pronounced that Chapter 541 was enacted as a non-substantive revision of 21.21.[3]

35. Thus, the Insurance Company and the Adjuster's removal is groundless and completely ignores precedent directly on point from the Texas Supreme Court and the Fifth Circuit holding that an adjuster can be held liable under Chapter 541 of the Texas Insurance Code.

36. The Adjuster is a "person" liable under the Texas Insurance Code. *Gasch*, 491 F.3d at 282; *Garrison Contractors*, 966 S.W. 2d at 486-87. The Court should remand this case to state court because Ms. Rudolph has pled valid state law causes of action against the Adjuster.

### ii. The Burden is on the Removing Defendant to Prove Improper Joinder.

37. "A claim of fraudulent joinder must be 'plead with particularity,' supported by 'clear and convincing' evidence, and proven with 'certainty.'" *Dollar v. G.M. Corp.*, 814 F. Supp. 538, 541 (E.D. Tex. 1993).

38. In removal cases, the removing party bears the significant burden of establishing the existence of federal jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (U.S. 1921); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). The Fifth Circuit has stressed "[t]he burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving joinder was improper." *Smallwood v. Illinois Central RR. Co.*, 385 F.3d 568, 576 (5th Cir. 2004). The court lacks subject matter jurisdiction when the removing party does not meet this burden. *Id.*

---

[3] Id. (relating to a non-substantive revision of statutes relating to the Texas Department of Insurance, the business of insurance, and certain related businesses, including conforming amendments, repeals, and penalties).

39. To show joinder is improper, "[t]he removing party must prove that there is absolutely <u>no possibility</u> that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir. 1983) (emphasis added). Fraudulent joinder has been proven only if there is "no reasonable basis predicting that the Plaintiff might establish liability." *Fields v. Pool Offshore, Inc.*, 182 F.3d 353,357 (5th Cir. 1995).

40. "Since the purpose of the improper joinder inquiry is to demonstrate whether or not the in-state defendant was properly joined, <u>the focus of the inquiry must be on the joinder, not the merits of the Plaintiff's case</u>." *Smallwood*, 385 F.3d at 573 (emphasis added). "[T]he Court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205. Further, "the court must then examine relevant state law and resolve all uncertainties in favor of the nonremoving party." *Id.* at 206. Moreover, removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941); *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996).

41. The question before this Court is simply whether the causes of action asserted against the Adjuster are supported by the facts alleged and the laws of the State of Texas. *Chesapeake & O.R. Co. v. Cockrell*, 232 U.S. 146, 152-3 (1914); *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 113 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991) (a court may not go into the merits of the claims or defenses to determine whether non-diverse parties are fraudulently joined).

42. In *Presley v. Am. First Ins. Co.*, the court granted plaintiff's motion to remand. *Presley v. Am. First Ins. Co.*, 2011 U.S. Dist. LEXIS 11455, at *14 (S.D. Tex. Feb. 7, 2011). The petition analyzed by the court stated that the adjuster "conducted a substandard inspection which is

evidenced in his report which failed to include many of Plaintiff's damages noted upon inspection. His estimate did not allow adequate funds to cover repairs to restore the home. . . . Furthermore, the delay in making repairs caused by the unreasonable investigation and underpayment of the claim has caused Plaintiff additional damage." *Id.* Further, the petition globally alleged that the adjuster and other defendants violated several other sections of the Texas Insurance Code. *Id.* at *7-*8. In reaching its decision, the court reasoned that other "[c]ourts in this district have found that similar combinations of specific factual allegations against the individual insurance adjuster defendant and conclusory legal allegations against all the defendants provide a reasonable basis for predicting recovery against the individual defendant under the Insurance Code. *Id.* at *8-*9.

43.     In this case, Ms. Rudolph has made strikingly similar allegations against the Insurance Company and the Adjuster as the allegations made by the plaintiff in *Presley*. Moreover, Ms. Rudolph's petition is more precise in describing the violations committed by the Adjuster. For example, paragraph 32 of the petition states that "Defendant Brown omitted covered damages from her report, including damage to personal property, trim board, fascia, soffits, soffit vents, wood siding, exterior door, porch ceiling, window screens, wood fence, and chain link fence." Def's. Not. of Rem. Ex. A, 8, ¶ 32**.** Many other violations committed by the Adjuster are specified in Ms. Rudolph's petition. *See generally* Def's. Not. of Rem. Ex. A.

44.     As such, Defendant is unable to prove that the Adjuster has been improperly joined to this lawsuit, and, therefore, this case should be remanded to state court.

### IV.     CONCLUSION

45.     The Court should remand this case to the 341st Judicial District Court of Webb County, Texas. Federal jurisdiction under 28 U.S.C. §1332 requires the removing party to state facts showing a complete diversity of citizenship. Defendant Nationwide failed to establish complete

diversity and failed to prove improper joinder of Defendant Brown. Therefore, this honorable Court lacks subject matter jurisdiction and remanding is proper.

46.     This case is not removable pursuant to 28 U.S.C. §1332, 28 U.S.C. §1441 and 28 U.S.C. §1446. The Court should remand this case to state court. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

## V.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court to grant Plaintiff's Motion to Remand. Plaintiff also requests any other and further relief, either at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE, AND ASSOCIATES, PLLC**

**By:** */s/ Andres Arguello*
Andres Arguello
State Bar of Texas Number: 24089970
Federal ID Number: 2514173
1110 NASA Parkway, Suite 620
Houston, Texas 77058
(281) 532-5529 Telephone
(281) 402-3534 Facsimile
E: andres@simplyjustice.com

## CERTIFICATE OF CONFERENCE

I hereby certify that on the 29th day of January, 2016, I conferenced with Patrick Kemp, counsel for Defendant Nationwide General Insurance Company, regarding whether or not he opposed this Motion to Remand and was informed that he opposes the same.

*/s/ Andres Arguello*
Andres Arguello

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record, pursuant to the Federal Rules of Civil Procedure, on this the 29th day of January, 2016, as follows:

Patrick Kemp, Attorney-In-Charge
State Bar No.: 24043751
Federal I.D. No. 38513
SEGAL MCCAMBRIDGE SINGER & MAHONEY
100 Congress Avenue, Suite 800
Austin, Texas 78701

**COUNSEL FOR DEFENDANT
NATIONWIDE GENERAL INSURANCE COMPANY**

                                                      ***/s/ Andres Arguello***
                                                      Andres Arguello