**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **MARIA RUDOLPH** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:15-cv-312** |
| | § | |
| **NATIONWIDE GENERAL INSURANCE** | § | |
| **COMPANY AND CATHERINE SCHWANZ** | § | |
| *Defendants.* | § | |

---

### PLAINTIFF'S FIRST AMENDED PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Maria Rudolph, ("Plaintiff"), and files this *Plaintiff's First Amended Petition*, complaining of Nationwide General Insurance Company ("Nationwide"), Michael Schwanz ("Schwanz"), Allcat Claim Service ("Allcat") and Robert Allen Boddie ("Boddie"), collectively referred to as "Defendants," and for cause of action, Plaintiff would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiff intends for discovery to be conducted under Level 2 the Texas Rules of Civil Procedure and request the Court enter a Level 2 Discovery Plan.

### PARTIES

2.   Plaintiff Maria Rudolph is an individual residing in Webb County, Texas.

3.   Defendant Nationwide is a foreign insurance company engaged in the business of insurance in Texas, with its principal office located in Columbus, Ohio. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant. Service of process was effectuated upon Nationwide via its registered agent

for service, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

4.     Defendant Schwanz is an individual and employee of Defendant Nationwide, and in the business of adjusting insurance claims in the State of Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant Schwanz. Upon information and belief, Defendant Schwanz may be served at 10403 Stonecrest Drive, Johnston, Iowa 50131, or wherever he may be found.

5.     Defendant Allcat Claim Service is a domestic adjusting company, engaged in the business of adjusting insurance claims in the State of Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant Allcat. Defendant Allcat may be served at 16 Cascade Cavern, Boerne, Texas 78015.

6.     Defendant Robert Allen Boddie is an individual residing in the State of Texas and actively engaged in the business of adjusting insurance claims in the State of Texas. The causes of action asserted arose from or are connected with purposeful acts committed by Defendant Boddie. Defendant Boddie may be served at 1919 Highway 35 North, Number 210, Rockport, Texas 78382, or wherever he may be found.

## JURISDICTION

7.     The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court.  Plaintiff is seeking monetary relief over $200,000 but not more than $1,000,000.  Plaintiff reserves the right to amend her petition during and/or after the discovery process.

8.     The Court has jurisdiction over Defendant Nationwide because this defendant is a foreign insurance company that engages in the business of insurance in the State of Texas, and

Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

9.      The Court has jurisdiction over Defendant Schwanz because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

10.     The Court has jurisdiction over Defendant Allcat because this defendant is a domestic adjusting company in the State of Texas and engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

11.     The Court has jurisdiction over Defendant Boddie because this defendant is a citizen of the State of Texas and engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

## VENUE

12.     Venue is proper in Webb County, Texas, because the insured property is situated in Webb County, Texas.  TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

13.     Plaintiff is the owner of a Texas Homeowners' Insurance Policy (hereinafter referred to as "the Policy"), which was issued by Nationwide and designated as 78 42 HO 720103.

14.     Plaintiff owns the insured property, which is specifically located at 4213 Merida Drive, Laredo, Texas, 78046, situated in Webb County (hereinafter referred to as "the Property").

15.     Nationwide sold the Policy insuring the Property to Plaintiff.

16.     On or about May 09, 2014, a hail storm and/or wind storm struck Webb County, Texas, causing severe damage to homes and businesses throughout the area, including Plaintiff's residence ("the Storm").  Specifically, Plaintiff's roof and roofing components, including but not limited to the composition shingles and roofing felt, ridge cap, valley metal, flashing, roof vent, furnace vent, and drip edge, sustained extensive damage during the storm. Plaintiff's home sustained interior damage to the living/dining room and the bathroom, including but not limited to damage to the insulation, drywall, and acoustic ceiling.  Plaintiff's home also sustained exterior damage during the storm, including but not limited to damage to trim board, fascia, soffit vents, soffit, porch ceiling, wood siding, window screens, exterior door, wood fence and chain link fence.  Plaintiff filed a claim, in accordance with the terms of the Policy, with her insurance company, Nationwide, for the damages to her home caused by the Storm.

17.     Plaintiff submitted a claim to Nationwide against the Policy as referenced in paragraph 13 above, for Roof Damage, Interior Damage, and Exterior Damage the Property sustained as a result of the hail storm and/or windstorm.

18.     Plaintiff asked that Nationwide cover the cost of repairs to the Property, including but not limited to, repair and/or replacement of the roof and repair of the exterior damage, interior damage, wood fencing, and chain-link fencing to the Property, pursuant to the Policy.

19.     Defendant Nationwide assigned claims representative Michael Schwanz ("Schwanz") to investigate the claim.  Defendant Nationwide and/or Defendant Schwanz assigned, Defendant third party adjusting company Allcat Claim Service, as the adjusting company.

Defendant Nationwide, Defendant Schwanz and/or Defendant Allcat assigned adjuster Boddie as the individual adjuster to inspect Plaintiff's property.

20.    Defendants Schwanz and Boddie were improperly trained and/or supervised and failed to perform a thorough investigation of Plaintiff's claim.  Specifically, Defendant Boddie conducted a substandard inspection of Plaintiff's property on or about November 8, 2014. The inadequacy of Boddie's inspection is evidenced by his estimate, dated October 5, 2015, which failed to include the majority of Plaintiff's damages, such as the damage to Plaintiff's composition shingle roof and/or roofing components. Additionally, the interior damage acknowledged by Defendant Boddie, including the interior water damage in the living room and master bathroom were under scoped and underpriced.  Ultimately, Boddie's estimate did not allow adequate funds to cover the cost of repairs for the damages sustained in the wind and/or hail storm of May 9, 2014.  Boddie's inadequate investigation was relied upon by Nationwide in this action and resulted in Plaintiff's claim being improperly adjusted and/or denied.

21.    Defendants Nationwide, Schwanz, and/or Allcat failed to adequately train and supervise Boddie resulting in the unreasonable investigation and improper handling of Plaintiff's claim. Moreover, Defendants Nationwide, Schwanz, and/or Allcat failed to thoroughly review and properly oversee the work of Boddie, ultimately approving an improper adjustment of and an inadequate, unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein,

Plaintiff's claim was improperly adjusted and denied, thereby causing her to suffer additional damages.

22.    Together, Defendants Nationwide, Schwanz, Allcat and Boddie set about to deny and/or underpay on properly covered damages.  Defendants Nationwide, Schwanz, and/or Allcat and Boddie misrepresented to Plaintiff that Defendant Bobbie's estimate included all of Plaintiff's properly covered hail storm and/or windstorm damages and made sufficient allowances to cover the cost of repairs to Plaintiff's Property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered storm damages and  failed to allow allowed for any amounts to cover the cost of repairs to Plaintiff's Property, such as the damage to Plaintiff's composition shingle roof and/or roofing components.  Defendants Nationwide, Schwanz, Allcat and Boddie failed to provide adequate coverage for the damages sustained by Plaintiff and under-scoped and undervalued Plaintiff's damages, thereby denying full payment on Plaintiff's claim.  As a result of these Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted and Plaintiff has received no payment and suffered damages.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair her Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive any payments she is entitled to under the Policy.

23.    As detailed in the paragraphs below, Nationwide wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.  Furthermore, Nationwide undervalued some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

24.     To date, Nationwide continues to delay in the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to her home.

25.     Defendant Nationwide failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay any proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property.  Nationwide's conduct constitutes a breach of the insurance contract between Nationwide and Plaintiff.

26.     Defendants Nationwide, Schwanz, Allcat and Boddie misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, such as the damage to the composition shingle roof and/or roofing components, even though the damage was caused by a covered occurrence.  Defendants Nationwide's, Schwanz's, Allcat's and Boddie's conduct constitutes violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(1).

27.     Defendants Nationwide, Schwanz, Allcat and Boddie failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of Nationwide's liability to Plaintiff under the Policy.  Nationwide's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(2)(A).

28.     Defendants Nationwide, Schwanz, Allcat and Boddie failed to explain to Plaintiff the reasons for their failure to pay Plaintiff's claim. Specifically, Defendants Nationwide, Schwanz, Allcat and Boddie failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Nationwide and Schwanz did not communicate that any future settlements or payments would be forthcoming to pay for the losses covered under the Policy, nor did they provide any

explanation for the failure to adequately settle Plaintiff's claim.  The Conduct of Nationwide and Schwanz, is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(3).

29.     Defendants Nationwide, Schwanz, Allcat and Boddie failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants Nationwide, Schwanz, Allcat and Boddie. The conduct of Nationwide constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(4).

30.     Defendants Nationwide, Schwanz, Allcat and Boddie refused to fully compensate Plaintiff, under the terms of the Policy, even though Nationwide, Schwanz, Allcat and Boddie failed to conduct a reasonable investigation.  Specifically, Defendants Nationwide, Schwanz, Allcat and Boddie performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.  The conduct of Defendants Nationwide, Schwanz, Allcat and Boddie constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a)(7).

31.     Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.055.

32.     Defendant Nationwide failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.056.

33.     Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received any payment for her claim.  Nationwide's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE §542.058.

34.     From and after the time Plaintiff's claim was presented to Defendant Nationwide, the liability of Nationwide to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing.

35.     Defendants Nationwide and Schwanz knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

36.     As a result of Defendants Nationwide's and Schwanz's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing her with respect to these causes of action.

**CAUSES OF ACTION**:

**CAUSES OF ACTION AGAINST DEFENDANT SCHWANZ, ALLCAT AND BODDIE**
**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

37.     During their investigation, Defendant Schwanz, Allcat and Boddie failed to properly

assess Plaintiff's hail storm and/or windstorm damages.  Specifically, during the

inspection, Boddie spent an inadequate time scoping for damages.  Further, Boddie

omitted covered damages from his report, including damage to composition shingle roof

and/or roofing components, exterior damage to the trim board, fascia, siding, two (2)

window screens, window beading and wood fence.  In addition, the damages that Boddie

did include in his estimate were both underestimated and undervalued, such as the

interior water damage in the living room and master bathroom.  Specifically, he failed to

allow sufficient funds to cover the replacement of the composition shingle roof and/or

roofing components, underpriced the cost of materials required for necessary repairs,

incorrectly applied material sales tax, failed to include overhead and profit, and

improperly calculated the actual cash value of Plaintiff's loss under the Policy.

38.     Defendants Nationwide and Allcat knew or should have known that Defendants Schwanz

and Boddie lacked the knowledge and experience to adequately investigate claims of this

nature.

39.     Defendants Schwanz's, Allcat's and Boddie's conduct constitutes multiple violations of

the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All

violations under this article are made actionable by TEX. INS. CODE §541.151.

40.     Defendants Schwanz, Allcat and Boddie are individually liable for their unfair and

deceptive acts, irrespective of the fact that they were acting on behalf of Nationwide

because Defendants Schwanz, Allcat and Boddie are "person[s]" as defined by TEX. INS. CODE §541.002(2).  The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

41.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants Schwanz's, Allcat's and Boddie's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the lack of compensation Plaintiff received.  Defendants Schwanz's, Allcat's and Boddie's unfair settlement practices, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, such as the damage to Plaintiff's composition shingle roof and/or roofing components, constitute an unfair method of competition and

an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

42.    Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

43.    Defendants Schwanz, Allcat and Boddie failed to explain to Plaintiff the reasons for the failure to offer of an adequate settlement.  Specifically, Defendants Schwanz, Allcat and Boddie failed to offer Plaintiff any explanation as to why full payment was not being made.  Furthermore, Defendants Schwanz, Allcat and Boddie did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  The unfair settlement practice of Defendants Schwanz, Allcat and Boddie, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

44.    Defendants Schwanz, Allcat and Boddie did not adequately explain what damages were not being covered under the estimate.  In fact, Nationwide's estimate, dated October 5, 2015, was never provided to Plaintiff.  Defendants Schwanz's, Allcat's and Boddie's unfair settlement practice, as described above, of failing within a reasonable time to

affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

45.    Defendants Schwanz, Allcat and Boddie did not properly investigate or inspect the Property and failed to account for, and/or undervalued many of, Plaintiff's exterior and interior damages, although reported by Plaintiff to Nationwide.  Defendants Schwanz, Allcat and Boddie, apart from the failure to allow for the replacement of the composition shingle roof and/or roofing components, omitted many of the covered damages— including, but not limited to, damage to exterior of Plaintiff's home such as, trim board, fascia, siding, two (2) window screens, window beading and wood fence.  Defendants Schwanz's, Allcat's and Boddie's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## CAUSES OF ACTION AGAINST NATIONWIDE

46.    Defendant Nationwide is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

47.    Defendant Nationwide's conduct constitutes a breach of the insurance contract made between Nationwide and Plaintiff.

48.    Defendant Nationwide's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under

the laws of the State of Texas, constitutes a breach of Nationwide's insurance contract with Plaintiff.

NONCOMPLIANCE WITH TEXAS INSURANCE CODE:

UNFAIR SETTLEMENT PRACTICES

49.   Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

50.   Defendant Nationwide's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

51.   Defendant Nationwide's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Nationwide's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

52.   Defendant Nationwide's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

53.   Defendant Nationwide's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a

reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(4).

54.     Defendant Nationwide's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**

**THE PROMPT PAYMENT OF CLAIMS**

55.     Defendant Nationwide's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

56.     Defendant Nationwide's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

57.     Defendant Nationwide's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.056.

58.     Defendant Nationwide's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the

amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  Tex. Ins. Code §542.058.

### ACTS CONSTITUTING ACTING AS AGENT

59.     As referenced and described above, and further conduct throughout this litigation and lawsuit, Defendants Schwanz, Allcat and Boddie are agents of Nationwide based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. Tex. Ins. Code §4001.051.

60.     Separately, and/or in the alternative, as referenced and described above, Nationwide ratified the actions and conduct of Defendants Schwanz, Allcat and Boddie including the completion of their duties under the common law and statutory law.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

61.     Defendant Nationwide's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts.

62.     "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fir Ins. Co.,* 725 S.W.2d 165, 167 (Tex. 1987).  This tort arises from Texas law, which recognizes that a special relationship exists as a result of Plaintiff's (the policyholder) and Nationwide's (the insurer) unequal bargaining power.  Part of this unequal bargaining power results from the fact that Nationwide, like other insurers, controls entirely the evaluation, processing and denial of claims.

63.     At the time of Defendant Schwanz's and Boddie's inspection and/or investigation, upon which Nationwide relied entirely for its investigation, evaluation, and settling of Plaintiff's claim, Schwanz and Boddie tried to wrongfully deny Plaintiff's losses.  By not

accounting for the covered damages, Defendants Nationwide, Schwanz, Allcat and

Boddie did not inspect and evaluate Plaintiff's home as if it were their own home.

Nationwide's investigation and evaluation was not reasonable, thus, Nationwide lacked a

reasonable basis for denying or only partially including payment for Plaintiff's covered

damages.  Nationwide's overall conduct in handling Plaintiff's claim was not reasonable.

64.    Defendant Nationwide's failed, as described above, to adequately and reasonably

investigate and evaluate Plaintiff's claim, although, at that time, Nationwide knew or

should have known by the exercise of reasonable diligence that its liability was

reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**KNOWLEDGE**

65.    Each of the acts described above, together and singularly, was done "knowingly," as that

term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's

damages described herein.

**DAMAGES**

66.    Plaintiff would show that all of the aforementioned acts, taken together or singularly,

constitute the producing causes of the damages sustained by Plaintiff.

67.    As previously mentioned, the damages caused by the May 09, 2014 hail storm and/or

wind storm have not been properly addressed or repaired in the months since the storm,

causing further damages to the Property, and causing undue hardship and burden to

Plaintiff.  These damages are a direct result of Defendant Nationwide's mishandling of

Plaintiff's claim in violation of the laws set forth above.

68.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is

the amount of her claim, together with attorney's fees.

Page 17

69.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff asks for three times her actual damages. TEX. INS. CODE §541.152.

70.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE §542.060.

71.     For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72.     For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## REQUEST FOR DISCLOSURE

73.     Under Texas Rules of Civil Procedure 194, Plaintiff hereby requests Defendants Nationwide, Schwanz, Allcat and Boddie each disclose, within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (l).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself justly entitled.

Respectfully submitted,

**ARGUELLO, HOPE & ASSOCIATES, P.L.L.C.**

**By**: _/s/ David A. Christoffel_____
       David A. Christoffel
       State Bar of Texas Number: 24065044
       1110 Nasa Parkway, Suite 620
       Houston, Texas 77058
       Telephone: (281) 532-5529
       Facsimile: (281)402-3534
       ***ATTORNEY FOR PLAINTIFF***
       ***MARIA RUDOLPH***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing *Plaintiff's First Amended Petition* has been served upon the following counsel of record, via CM/ECF on this the 27th day of July, 2016:

Segal McCambridge Singer and Mahoney
Attn.: Mr. Patrick M. Kemp, Esq.
       Mr. Robert G. Wall, Esq.
100 Congress Avenue, Suite 800
Austin, Texas 78701

___/s/ David A. Christoffel_____
David A. Christoffel

Page 19